**FEE PAID**

FILED
2025 JUL 14 AM 9:08

S/I

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAEEM SEIRAFI, | Case No. 2:25-CV-06384-MWF-ROAx |
| Plaintiff | |
| v. | VERIFIED COMPLAINT FOR: |
| | 1. CONVERSION |
| BINANCE HOLDINGS LTD.; | 2. VIOLATION OF 18 U.S.C. § 1030 |
| BTSE LTD.; | 3. UNJUST ENRICHMENT |
| GATE TECHNOLOGY INC.; | 4. DECLARATORY & INJUNCTIVE RELIEF |
| HUOBI GLOBAL LTD.; | |
| and DOES 1—10, inclusive, | JURY TRIAL DEMANDED |
| Defendants. | |

I.   INTRODUCTION

1. This action arises out of a sophisticated impersonation scheme executed on July 8 2025 that resulted in the theft of Plaintiff's cryptocurrency holdings valued at approximately $355,000 USD. The stolen assets were traced —on public block-chains—to deposit addresses at four centralized, know-your-customer ("KYC") exchanges operated by Defendants Binance, BTSE, Gate.io, and HTX (Huobi).

Federal Rules of Civil Procedure for an emergency ex parte Temporary Restraining Order ("TRO") freezing the digital-asset wallets and accounts identified in the accompanying Declaration and Exhibits, and ordering Defendants Binance Holdings Ltd., BTSE Holdings Ltd., Gate Technology Inc., and Huobi Global Ltd. (collectively, "Defendants") to preserve all evidence relating to those assets and to show cause why a preliminary injunction should not issue pending final judgment.

I.   INTRODUCTION

Late on July 8, 2025, unknown bad actors unlawfully accessed Plaintiff's cryptocurrency wallets and transferred approximately $355,000 worth of XLM, XRP, and DOGE into accounts maintained at the Defendant exchanges. Because crypto assets can be moved or laundered in minutes, immediate relief is required to prevent their dissipation while this action is litigated.

II.  STATEMENT OF FACTS

The relevant facts are set forth in detail in Plaintiff's Verified Complaint and the contemporaneously-filed Declaration of Naeem Seirafi. In brief, blockchain analysis traced the stolen assets to the following exchange deposit addresses:

- 67,721 XLM    → Binance (Ref ID 144425384)
- 14,022 XRP    → Binance (Ref ID 144431208)
- 65,000 XRP    → BTSE    (Ticket ID 111030)
- 182,281 XLM   → Gate.io (Case ID 30417674)
- 472,156 DOGE  → HTX     (Req. ID 2024524237)

Plaintiff promptly notified each exchange and law-enforcement

agencies, including the U.S. Secret Service. To date, however, no freeze has been confirmed.

III. LEGAL STANDARD

A TRO issues where the movant shows (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent relief; (3) that the balance of equities tips in the movant's favor; and (4) that an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

IV. ARGUMENT

A. Likelihood of Success. Plaintiff will succeed on claims for conversion, unjust enrichment, and constructive trust because the transfers were unauthorized and Defendants are in possession or control of the stolen property.

B. Irreparable Harm. Cryptocurrency is inherently fungible and easily concealed; once dissipated, recovery is virtually impossible—constituting classic irreparable harm.

C. Balance of Equities. A narrowly-tailored freeze preserves thestatus quo with minimal burden on Defendants.

D. Public Interest. Granting the TRO deters cyber-theft and promotes confidence in U.S. markets.

V. REQUESTED RELIEF

Plaintiff respectfully asks the Court to:

1. Issue a TRO freezing the wallets and accounts identified in the Declaration until further order of the Court;
2. Prohibit Defendants from transferring, encumbering, or dissipating those assets;
3. Require Defendants to preserve all records related to the specified accounts and wallets;
4. Set an expedited hearing and order Defendants to show cause why a preliminary injunction should not issue;
5. Permit alternative service of process by e-mail on Defendants' legal departments; and
6. Grant such other and further relief as the Court deems just and proper.

VI.   CERTIFICATION OF NOTICE

Pursuant to Fed. R. Civ. P. 65(b)(1)(B), Plaintiff certifies that he attempted to notify Defendants by submitting support tickets and e-mails on July 10–13, 2025, requesting an immediate asset freeze and advising that court action was imminent.

Dated: July 14, 2025                    Respectfully submitted,

                                        Naeem Seirafi, Plaintiff Pro Se